UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TYRONE JAROME HAKIM DOUGLAS,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>SUFFOLK COUNTY DISTRICT  )<br>ATTORNEY'S OFFICE, et al.,  )<br><br>Defendants.  ) | CIVIL ACTION<br>NO. 23-40019-MRG |

**MEMORANDUM & ORDER**
**May 8, 2023**

**GUZMAN, D.J.**

Plaintiff Tyrone Jarome Hakim Douglas, who is proceeding *pro se*, brings this action

against the Suffolk County District Attorney's Office (DA's Office) and the William A. Hinton

State Laboratory Institute (Hinton Drug Lab), in which he seeks (1) monetary damages for time

spent in prison on four convictions that were later vacated; and (2) the overturning of an intact

state criminal conviction.  Douglas has also filed an Application to Proceed without Prepayment

of Fees and Affidavit (Application).  For the reasons stated below, the Court will deny the

Application without prejudice and direct Douglas to file an amended complaint.

**I.      Motion for Leave to Proceed *in Forma Pauperis***

The fee for filing a non-habeas civil action in a federal district court is $402.  This fee

consists of a $350 statutory fee, *see* 28 U.S.C. § 1914(a) and a $52 administrative fee, *see*

District Court Miscellaneous Fee Schedule ¶ 14 (Dec. 1, 2020).[1]  The filing fee is due at the

---

[1] The District Court Miscellaneous Fee Schedule is available at
https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last
visited May 7, 2023).

commencement of the action.  A federal court may, however, allow a person to proceed without

prepayment of the filing upon a showing that the person does not have income or assets to pay

the fee upfront.  *See* 28 U.S.C. § 1915(a).

Where the plaintiff is a prisoner, he must submit with his Application "a certified copy of

the trust fund account statement (or institutional equivalent) . . . for the 6-month period

immediately preceding the filing of the complaint or notice of appeal, obtained from the

appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C.

§ 1915(a)(2).  If the court allows a prisoner plaintiff to proceed without prepayment of the filing

fee, the $52 administrative fee is waived, but the prisoner must pay the $350 statutory filing fee

over time, regardless of the duration and outcome of the lawsuit.  *See* 28 U.S.C. § 1915(b).

Based on the information in the plaintiff's six-month institutional statement, the court calculates

and assesses an initial filing fee; subsequent payments are calculated by the institution's treasurer

based on the monthly income of the plaintiff.  *See* 28 U.S.C. § 1915(b)(1), (2).  For purposes of

resolution of the filing fee, a "prisoner" is defined as "any person incarcerated or detained in any

facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary

program."  28 U.S.C. § 1915(h).

Here, it is unclear whether Douglas is a "prisoner," as the term is defined in 28 U.S.C.

§ 1915(h).  Douglas represents in his Application that he is not incarcerated.  He provides a

mailing address for the Worcester Recovery Center, which is not operated by the Department of

Correction.  It is not clear from his complaint whether he is still serving a sentence for the

conviction that he seeks to vacate.  If Douglas is serving a criminal sentence, he is a "prisoner"

for purposes of 28 U.S.C. § 1915 even though he is not confined in a correctional institution.

*Compare Gibson v. City Municipality of New York*, 692 F.3d 198, 202 (2d Cir. 2012) (per

curiam) (holding that pretrial detainee confined in a mental hospital pursuant to a temporary order of observation was a "prisoner" for purposes of 28 U.S.C. § 1915(h)) *and Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (holding that civilly committed person whose criminal proceedings were held in abeyance during treatment for mental illness was a "prisoner") *with Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that civilly committed person, who was not charged with a crime or serving a term of incarceration, was not a "prisoner").

While Douglas's Application indicates that he is without funds to prepay the filing fee, the Court cannot grant the Application without knowing if he is a "prisoner." If Douglas is a pretrial detainee, or serving a criminal sentence, he should have included a six-month institutional account with his Application. In addition, if Douglas is a "prisoner," he will be required to pay the $350 statutory filing fee over time even if the Court grants the Application.

If Douglas elects to proceed with this action, he must resolve the filing fee by (1) paying the $402 filing fee; or (2) file a renewed Application. If Douglas is a "prisoner," as defined in 28 U.S.C. § 1915(h), he must submit a six-month institutional account statement and he must be willing to assume the financial obligation of paying the statutory $350 filing fee over a period of time.

## II.     Review of the Complaint

Federal law authorizes a federal court to dismiss an *in forma pauperis* complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).[2] Further, the Court may review the sufficiency of a complaint *sua sponte*. *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007); *Fitzgerald v. First*

---

[2] The Court is also required to conduct a similar preliminary review of a complaint filed by a prisoner against a governmental entity or employee. *See* 28 U.S.C. § 1915A.

*E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir. 2000) (per curiam).  The Court liberally

construes Douglas's complaint because he is proceeding *pro se.  See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972).

### A.      The Complaint

According to Douglas, his convictions in four Massachusetts courts were vacated with

prejudice based on the well-publicized misconduct at Hinton by former chemist Annie Dookhan.

*See, e.g.*, *Bridgeman v. District Attorney for Suffolk Dist.*, 471 Mass. 464 (2015).  Douglas seeks

damages for the time he spent serving sentences of imprisonment and probation for these

convictions.  He also asks that an intact state court conviction be vacated, alleging that the "Drug

Certificate" used against him in that case suffered the same defects and lack of reliability as did

those signed by Dookhan.

### B.      Eleventh Amendment Immunity

Douglas's claims against Hinton and the DA's Office are not cognizable in this Court.

The Eleventh Amendment of the United States Constitution generally is recognized as a bar to

suits in federal courts against a State, its departments and its agencies, unless the State has

consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of

Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985);

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d

102, 105-06 (1st Cir. 2007).  The DA's Office and the Massachusetts State Police (which

operated the Hinton Drug Lab)[3] are arms of the Commonwealth.  The Court cannot concern any

claim for relief against either defendant for which the Commonwealth of Massachusetts has

---

[3] *See Committee for Public Counsel Servs. v. Attorney General*, 48 Mass. 700, 972 (2018)
(stating that "[t]he State police took over operation of the [Hinton Drug Lab] in July, 2012, and
oversaw the lab until its closure on January 18, 2013.").

waived its immunity or Congress has overridden it.  Thus, Douglas has failed to state a claim

upon which relief may be granted in a federal court against either defendant.

Further a state is not a "person" under 42 U.S.C. § 1983, the statute under which Douglas

may bring an action for the violation of federal rights by a "person" acting under the color of

state law.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

**C.       Court's Lack of Jurisdiction to Vacate Douglas's Intact Conviction**

In addition, the Court is without jurisdiction to vacate a criminal sentence in the context

of a civil rights action.  Under 28 U.S.C. § 1257, the Supreme Court of the United States is the

only federal court with jurisdiction to review a state court judgment.  *See* 28 U.S.C. § 1257;

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  One of the few

exceptions to this rule is when a litigant files a petition in a federal district court for a writ of

habeas corpus challenging the validity of a conviction.  *See* 28 U.S.C. § 2254; *Mandel v. Town of*

*Orleans*, 326 F.3d 267, 271 (1st Cir. 2003).  A litigant must exhaust state court remedies prior to

seeking habeas relief in this Court.  *See* 28 U.S.C. § 2254(b).  In the absence of any suggestion

that Douglas has exhausted available state court remedies to challenge the validity of his

conviction, the Court declines to construe his complaint as a habeas petition.

**D.       Claims under 42 U.S.C. § 1983**

Douglas seeks relief under 42 U.S.C. § 1983 (§ 1983), which provides that any "person,"

acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws, shall be liable to the party

injured." 42 U.S.C. § 1983.  As noted above, a state is not a "person" for purposes of this

statute.

Notwithstanding, Douglas may pursue claims under § 1983 against an individual who was directly involved in the violation of a constitutional right.   It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 146, 156 (1st Cir. 2006) (quoting *Cepero-Rivera v. Fagundo,* 414 F.3d 124, 129 (1st Cir. 2005)).   In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" *Id.* (quoting *Carmona v. Toledo*, 215 F.3d 124, 132 (1st Cir. 2000)).[4]

If Douglas wishes to a claim under § 1983, he may do so by filing an amended complaint against any individual acting under color of state law who was directly involved in the violation of his federal rights.  In the amended complaint, Douglas must identify the alleged misconduct of each defendant, providing sufficient factual allegations which, treated as true, reasonably infer that the defendant is liable to him.

### E.      Claims under 42 U.S.C. § 1981

Douglas invokes 42 U.S.C. § 1981 as a basis for his lawsuit.  This statue provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.  As this statute was meant to ensure racial equality, a claim under § 1981 requires an allegation of racial discrimination, *see Fantini v. Salem State College*, 557 F.3d 22,

---

[4] The Court notes that prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

33-34 (1st Cir. 2009).  Thus, this statute does not appear to be factually applicable to Douglas's claims, as currently pled.

### III.    Order

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* is DENIED without prejudice. If Douglas wishes to pursue this action, he must, within thirty-five (35) days of the date of this order, pay the $402 filing fee or file a renewed Application.  If Douglas is a pretrial detainee or is serving a criminal sentence (even if not confined in a correctional facility), he must clearly state that fact in his Application and he must include a six-month institutional account statement with his Application.  Failure to comply with this order may result in dismissal of this action without prejudice.  The Clerk shall provide Douglas with a blank Application.

2.    If Douglas wishes to pursue this action, he may file an amended complaint to cure the above-identified pleading deficiencies.  Failure to comply with this order within thirty-five (35) days of the date of this order may result in dismissal of this action without prejudice.

**So Ordered.**

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE